**MATRIX MOTOR CO., INC.,**
Plaintiff–Appellant,

v.

**TOYOTA MOTOR SALES, U.S.A., INC.,** a corporation;  Toyota Motor North America Inc., a corporation;  Toyota Jidosha Kabushiki Kaisha, a/k/a Toyota Motor Corporation, Defendants–Appellees.

Nos. 03–56359, 03–57199.
D.C. No. CV–03–00601–CJC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Jan. 5, 2005.

Charles E. Ruben, Law Offices of Charles E. Ruben & Assoc., Los Angeles, CA, for Plaintiff–Appellant.

Donald L. Ridge, Morris, Polich & Purdy, Los Angeles, CA, John F. Hornick, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, D.C., for Defendants–Appellees.

Before SCHROEDER, Chief Judge, GOULD, and CLIFTON, Circuit Judges.

### MEMORANDUM*

Matrix Motor Company ("Matrix Motor") appeals the district court's summary judgment dismissal of its trademark infringement suit against Toyota Jidosha Kabushiki Kaisha t/a Toyota Motor Corporation, Toyota Motor Sales, U.S.A., and Toyota North America (collectively, "Toyota"). Matrix Motor alleges that Toyota's use of the name TOYOTA MATRIX to describe its passenger vehicle infringes on Matrix Motor's alleged trademark in the MATRIX mark.

■ Trademark rights can be established through prior use of the mark in the sale of goods or services. *Sengoku Works Ltd. v. RMC Int'l. Ltd.*, 96 F.3d 1217, 1219–20 (9th Cir.1996). A mark "is not meritorious of trademark protection until it is used in public in a manner that creates an association among consumers between the mark and the mark's owner." *Brookfield Communications, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1051 (9th Cir.1999). There is no triable issue of fact as to whether Matrix Motor made prior use of the MATRIX mark on automobiles. Matrix Motor never sold a car in the United States that bears the MATRIX name on its exterior. At most, Matrix Motor used the MATRIX name on interior car parts that were not visible to the public. Matrix Motor did not engage in sufficient use of the mark on automobiles to establish trademark rights. Therefore, it cannot succeed in a trademark infringement suit.

The district court awarded Toyota $1,123,000.25 in attorneys' fees and costs of suit. Under the Lanham Act, "[t]he Court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The interpretation of what constitutes an exceptional case is a question of law reviewed de novo. *See Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir.2003). A plaintiff's case can be found to be exceptional when it is groundless, unreasonable, vexatious, or pursued in bad faith. *See Stephen W. Boney, Inc. v. Boney Serv. Inc.*, 127 F.3d 821, 825–27 (9th Cir.1997).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

An award under the Lanham Act is reviewed for an abuse of discretion. *See Earthquake Sound Corp.*, 352 F.3d at 1216.

█ The district court found that Matrix Motor "grossly exaggerated its claims and had no competent evidence to support those claims." It also found that Matrix Motor's misconduct during discovery made it very costly and difficult for Toyota to defend against the claims. Toyota sought reimbursement for $1,294,290.08 in fees and costs. The district court awarded Toyota $1,123,000.25 in fees and costs. The district court had already awarded Toyota fees and costs it had expended to bring a motion for discovery sanctions, an amount totaling $6,944.25.

Because Matrix Motor did not engage in prior use of the mark and the likelihood of confusion between the two marks in this case is near zero, we agree with the district court that the case is exceptional. The district court reviewed the amount of fees and costs carefully, stating it would review the amount of the request "with a fine tooth comb." Matrix Motor made no specific objections to the amount of the request. The district court reduced the claim by more than $100,000 for instances of duplication and inefficiency. There was no abuse of discretion as to the amount of fees and costs.

**AFFIRMED.**